**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

IN RE:                                )              CASE NO.:  19-51814-LRC
                                      )
ANTHONY HARRISON,                     )              CHAPTER:  13
                    Debtor            )

**OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN**

**NOW COMES**, 1ST CHOICE CREDIT UNION ("FCCU"), a creditor and party in interest in the above-captioned matter and files its Objection to Confirmation of the Debtor's Chapter 13 Plan (the "Plan"). In support thereof, FCCU respectfully shows this Court as follows:

1.

The Debtor filed his first Chapter 13 Bankruptcy case No. 17-55705-LRC on March 29, 2017. The case was dismissed on December 21, 2018 for failure to make Plan payments. The Debtor filed his second and current Chapter 13 Bankruptcy case on February 2, 2019.

2.

MELISSA J. DAVEY is the duly designated Chapter 13 Trustee.

3.

FCCU filed one secured claim in the amount of $21,042.31 secured by a 2011 Dodge Challenger.  The Plan proposes to pay the claim in full as secured with 5.50% interest at $180.00 per month increasing to $474.00 per month in August, 2020.

4.

The Debtor's Chapter 13 Plan proposes an adequate protection payment of $180.00 per month until August, 2020. The proposed payment is not sufficient to cover the depreciation value of the collateral.  The vehicle, due to its continued use, is rapidly depreciating.  Accordingly, FCCU

objects to confirmation as the Plan has not been proposed in good faith as required by 11 U.S.C. § 1325(a)(3).

5.

The proposed interest rate is below the "Till" rate. FCCU objects to confirmation of the plan unless its claim is paid in full with contract interest at the rate of 12.00% within three (3) years of the filing of the bankruptcy.

6.

FCCU is the only secured creditor that the Debtor scheduled in his bankruptcy schedules. The Debtor's motive in filing the second bankruptcy case appears to have been merely to forestall FCCU's attempts to recover its collateral without any reasonable hopes of reorganization. Further, as the automobile debt represents the majority of the debt to be funded in the Plan, it appears that the Debtor is attempting to again refinance the Vehicle purchase through the Chapter 13 Plan; thereby indicating a lack of good faith in proposing the instant Plan. Accordingly, FCCU objects to confirmation as the Plan has not been proposed in good faith as required by 11 U.S.C. § 1325(a)(3).

7.

The loans with FFCU, secured by the Vehicle, are years past due: Loan No. 3000 is due for its May 2017th payment and Loan No. 3001 is due for its February 2017th payment, yet the debtor continues to convert, control, or depreciate the value of FCCU's collateral by his refusal to surrender same. The Debtor cannot afford the Vehicle and only filed the instant Bankruptcy case to stall FCCU's efforts to recover its collateral.

8.

In the previous Bankruptcy case the Debtor filed pro se pleadings while purportedly represented by counsel, including a Motion to Reconsider Dismissal. He then failed to attend the

hearing on the motion or to otherwise address the objection filed by FCCU. The Debtor's behavior shows extreme bad faith and a clear intention to convert the collateral.

9.

The Debtor previous Bankruptcy case is still pending with a hearing on Motion to Reconsider Dismissal Order being scheduled to be heard again on March 5, 2019. FCCU objects to confirmation as the current Chapter 13 Plan has not been filed and proposed in good faith as required by 11 U.S.C. § 1325(a)(3).

10.

The Debtor told employees of FCCU that he has a "new car" and has given the FCCU collateral to his "nephew." The Vehicle is not necessary for reorganization. The Plan has been filed in bad faith.

WHEREFORE, FCCU prays that this Court deny confirmation of the Debtors' Plan and for such other and further relief as this Court deems just and equitable.

RESPECTFULLY SUBMITTED this 20th day of February, 2019.

/s/ Albert F. Nasuti
**ALBERT F. NASUTI**
Georgia State Bar No. 535209

For the Firm
THOMPSON, O'BRIEN, KEMP & NASUTI, P.C.
40 Technology Parkway South, Suite 300
Peachtree Corners, Georgia 30092
(770) 925-0111
anasuti@tokn.com
Attorneys for 1st Choice Credit Union

## CERTIFICATE OF SERVICE

This is to certify that I have on this day electronically filed the foregoing *Objection to Confirmation of Debtor's Chapter 13 Plan* using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic

Case Filing program:  *Debtor's attorney, Howard P. Slomka and Chapter 13 trustee, Melissa J. Davey.*

I further certify that on this day I caused a copy of this document to be served via U.S. First Class Mail, with adequate postage prepaid on the Debtor at the following address:

Anthony Harrison
617 Falcons Ridge
McDonough, Georgia 30253

This 20th day of February, 2019.

/s/ Albert F. Nasuti
**ALBERT F. NASUTI**
Georgia State Bar No. 535209

For the Firm
THOMPSON, O'BRIEN, KEMP & NASUTI, P.C.
40 Technology Parkway South, Suite 300
Peachtree Corners, Georgia 30092